**In re FIDELITY AMERICA FINANCIAL CORPORATION Jointly Administered with Fidelity America Mortgage Co. (A Pennsylvania Corporation), Fidelity America Mortgage Co. (A Delaware Corporation), Fidelity America Mortgage Co. (A Nevada Corporation), Debtors.**

**Bankruptcy Nos. 81–00385G to 81–00388G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 8, 1985.

Reconsideration Denied April 24, 1985.

Neal D. Colton, Dechert, Price & Rhoads, Philadelphia, Pa., for FAMCO Mortgage

Secured Noteholders' Creditors' Committee.

Alexander N. Rubin, Jr., Rubin, Quinn & Moss, Philadelphia, Pa. for trustee, Norman M. Kranzdorf, objector.

## OPINION

### EMIL F. GOLDHABER, Chief Judge:

The issue presented for resolution in the case before us is whether we should sustain the trustee's objection to the application for attorney fees and expenses filed by counsel to the Creditors' Committee of Mortgage Secured Noteholders ("the Noteholders' Committee"). For the reasons stated herein we will sustain the objection and deny the application in full.

The facts of this dispute are as follows: [1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") and, as mandated by § 1102(a) we appointed a committee of creditors holding unsecured claims ("the Unsecured Committee"). A creditor, one Horace Godshall, ("Godshall"), held documents of debt issued by the debtor which were denominated "mortgage secured notes". Based on these notes, he believed that his interest in the debtor's estate differed materially from the interests of the unsecured creditors represented by the Unsecured Committee. Predicated on this belief, Godshall contacted the law firm of Dechert, Price & Rhoads ("Dechert") for representation. Accordingly, Dechert convened a meeting of other holders of mortgage secured notes who agreed that Dechert should represent them. On hearing of Dechert's representation of the noteholders, the Unsecured Committee notified those holders that their so-called mortgage secured notes were, in fact, unsecured and,

thus, being unsecured creditors, they were being represented by the Unsecured Committee. Notwithstanding this notification, Godshall moved for court approval of the Noteholders' Committee to which the Unsecured Committee objected. We overruled the objection and entered an order officially sanctioning the Noteholders Committee. Dechert then applied for appointment as counsel for that committee and we granted the request. The Unsecured Committee appealed [2] our order appointing the Noteholders Committee and the District Court vacated our order and remanded the matter to us. Several months later Dechert moved in this court on behalf of the Noteholders Committee for the withdrawal of its representation of that committee and also moved for the merger of said committee with the Unsecured Committee. By this point Dechert had apparently concluded that the mortgages securing the noteholders' bonds were not recorded. Dechert then applied for the allowance of counsel fees and expenses incurred in its representation of the Noteholders' Committee.[3] It is to this application that the trustee objects.

We commenced our discussion in this case by noting that in a chapter 11 proceeding the court must appoint a committee of creditors holding unsecured claims such as the Unsecured Committee appointed in this case. 11 U.S.C. § 1102(a). "On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders." § 1102(b) (in part). But as applied to the case at bench, the District Court vacated our order appointing the Noteholders Committee since the

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**2.** The Unsecured Committee filed a notice of appeal but in its opinion the District Court labeled it an "application to the Court for leave [which] was erroneously docketed as a notice of appeal." The court granted leave to appeal, *nunc pro tunc. In Re Fidelity America Mortgage*

*Co.,* No. 82–1959, slip op. at 2 (E.D.Pa. Aug. 23, 1982).

**3.** In its application Dechert requests $31,962.00 in fees and $429.67 in expenses. For such sums Dechert reached the conclusion that the mortgages securing the debtor's notes were not recorded.

record did not reflect that the appointment of such a committee was "necessary to assure adequate representation of" the noteholders constituting that committee. The District Court stated that such a finding must be made in light of "both the desirability of providing such protection, and the desirability of avoiding undue additional expense to the estate." *In Re Fidelity America Mortgage Co.*, 82–1959, slip op. at 5 (E.D.Pa. Aug. 23, 1982). Thus, one reason for requiring a showing that the appointment of an additional committee is necessary, is to avoid undue additional expense to the estate. In the absence of a valid, extant order appointing such an additional committee, the court's awarding of fees or expenses to such an unwarranted committee would constitute an illegitimate diversion of estate assets. Consequently, we will deny Dechert's application for fees and expenses since there stands no valid order appointing the Noteholders Committee. This result renders it unnecessary for us to address the bases of objection advanced by the trustee, all of which assert that we should deny Dechert's application for fees and expenses in *part*. For reasons inexplicable to us the trustee did not advance the legal theory on which this opinion is predicated although in his objection to Dechert's request for fees and expenses he made brief reference to the District Court's order of August 23, 1982.

We will accordingly enter an order sustaining the trustee's objection to Dechert's application for fees and expenses and deny that application in its entirety.